UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X

| | |
|---|---|
| Global Tech Industries Group Inc., a Nevada Corporation, | **COMPLAINT FOR PRELIMINARY INJUNCTION AND RELINQUISHMENT OF ANY RIGHTS ASSOCIATED WITH SHARES.** |
| Plaintiff | |
| --vs-- | Civil Action No: _____ |
| David Wells, a natural person | |
| Defendant | |

_____X

Plaintiff Global Tech Industries Group, Inc (GTII), by and through their Attorney Warren R. Markowitz, Esq brings this action in order to restrain the Defendant, David Wells, a resident of California, and or his successors, transforees and or assigns, from the alienation and or sale of stock shares of GTII which are the subject of this action.

### NATURE OF THE ACTION AND PARTIES

1. This is an action by Plaintiff, Global Tech Industries Group, Inc.(GTII), a Nevada Corporation, for the purpose of enjoining the alienation of shares that were for payment of services that have not been completed by the defendant.

2. David Wells (Wells) is a California resident, was retained by GTII to resolve an outstanding dispute with Richardson & Patel LLP a NYC and Los Angeles Based Business and Commercial Litigation Firm,

3. Liberty Stock Transfer, Inc., (Liberty) is a NJ based Corporation and the stock transfer agent and registrar for GTII.

4. Foley Shechter Ablovatskiy LLP (Foley Shechter) is a NYC based law firm, and the author of the 144 Opinion Letter under which Defendant Wells is attempting to sell the subject shares.

## JURISDICTION AND VENUE

5. Jurisdiction is proper under 28 USC §1332, as the Plaintiff and Defendant by reason and belief are citizens of the United States, and residents of differing States, Nevada and California respectively and the amount in controversy is in excess of $75,000.00, without the inclusion of costs, fees, and expenses, as based on the publicly available stock price of GTII as of Friday, August 13, 2021.

6. Venue is proper in New York under 28 USC § 1391(b)(2) as the shares underlying this matter are traded on the OTC Market Place which is is located in NYC, NY, as GTII makes its home/principal place of operations and decision making in NY, and that the dispute which the Defendant was to resolve which underlies this matter has substantial connections with NY, making the venue proper as substantially the entire matter was to occur or does occur within the State and District subject to this court.

## STATEMENT OF FACTS

7.  Plaintiff incorporates and hereby adopts the previous paragraphs (1-6) as if restated herein.

8.  Global Tech Industries Group, Inc. ("GTII"), is a Nevada Corporation registered with the State of Nevada, with its registered address at 3887 Pacific Street, Las Vegas NV 89121,

9.  GTII maintains its executive offices at 511 Sixth Avenue, New York, New York, 10011

10. David Reichman, is a United States Citizen, with his primary residence in NYC, and at all times relevant to the matter at hand, was/is the Chief Executive Officer and authorized signatory of the Plaintiff, with a business mailing address of 511 Sixth Avenue, New York, New York, 10011.

11. Wells, as disclosed by himself through various email communications with Reichman is located at 11965 Gorham Avenue, Unit 407, Los Angeles, CA 90049. Making him a California resident.

12. Wells is an individual, by reason and belief, with related industry experience, and was through oral communications in or about 2012 requested by GTII to resolve a dispute between GTII, David Reichman and Richardson & Patel LLP

13. According to open and ongoing communication, as of August 3, 2021, between Reichman and Wells, the matter involving Richardson & Patel LLP was not resolved and remains open and according to GTII records Reichman did not tender the shares to Wells as the matter with Richardson & Patel LLP was not resolved.

14. On August 3, 2021 Wells sent an email to Reichman requesting a written statement confirming the underlying consulting services as there was no formal written services agreement between GTII and Wells, as one was/is necessary to release the restriction on the subject shares.

15. On August 7, 2021, Foley Shechter on behalf of defendant issued an opinion letter indicating that they reviewed public and other materials, as well as relied upon the covenants and statements made by Wells in the Stockholder's Representation letter dated August 6, 2021 in drafting and delivering an opinion letter for the release of the restriction on the subject shares.

16. The Stock Certificate representing the subject shares is and remains for restricted stock, and is unable to be alienated without the authorization of the transfer Agent, and subject to an opinion letter from an attorney.

17. The underlying stock Certificate #ZQ673 remains in the possession of GTII as it was prepared in accordance with the oral agreement between GTII and Wells.

## CLAIM #1, PRELIMINARY INJUNCTION

18. Plaintiff incorporates and hereby adopts the previous paragraphs (1-17) as if restated herein,

19. Plaintiff requests that in advancement of the rights of Plaintiff and in protection of the harm that can and will likely be suffered by the shareholders and the Company that this court issue a Preliminary Injunction or if it determines a Temporary Restraining Order against the defendant to restrain the sale and or alienation of the subject shares,

20. Plaintiff makes this request in accordance with Federal Rule of Civil Procedure, Rule 65,

21. Plaintiff asserts and has confirmed through email communications initiated by the Defendant, and stated by the Defendant that there does not exist a written agreement as to the shares in dispute and Defendant has requested confirmation as to the issuance of the said shares via email.

22. The Company, and shareholders will suffer immediate dilution, price impact and fluctuation should the Defendant be able to sell the subject shares before the matter between the parties is resolved.

23. As the Shares that are presently in dispute between the parties were initially issued based on the oral agreement in 2012, the granting of an injunction will preserve the status quo and will cause neither party to suffer any substantial harm or inconvenience.

24. As the Plaintiff has sufficient grounds to succeed on this matter, that the shares remain in the physical possession of the company, that no written agreement exists authorizing the delivery of the shares to the Defendant, and that no agreement for payment of the shares exists between the parties, the Plaintiff is likely to succeed on the merits of the matter and

25. The granting of the requested injunction or order is appropriate and proper under the circumstances.

26. Therefore, Plaintiff requests this court grant issue a Preliminary Injunction or Temporary Restraining order to maintain the status quo between the parties and to grant the parties sufficient time to resolve the ownership dispute between them that exists.

## CLAIM #2, Termination of Ownership of Shares.

27.     Plaintiff incorporates and hereby adopts the previous paragraphs (1-26) as if restated herein.

28.     Parties acknowledged in various email communications that no written agreement exists for the subject shares,

29.     It is the position of the Plaintiff that the shares were issued to the Defendant as payment to resolve a matter on behalf of the Plaintiff with Richardson & Patel LLP, a third party that is not a party to this action.

30.     Plaintiff holds that the shares were not tendered to the Defendant as the Defendant failed to resolve the dispute for which the shares were to be issued.

31.     The position held by the Plaintiff has not been challenged by the Defendant with any evidence, but a contradictory statement.

32.     As it is the assertion and position of the Plaintiff that the Defendant failed to fulfill his obligations to resolve the matter on behalf of Plaintiff under their oral agreement and that the shares were not tendered to Defendant by Plaintiff as Defendant did not complete the task for which it was promised the shares, therefore the Defendant has no right to the shares.

33.     Therefore, Plaintiff requests an order from this court to cancel the subject shares, or in the alternative to have them returned to the Company treasury as the shares remain unearned by the Defendant.

## Verification of Counsel

Counsel for the Plaintiff as evidenced by his signature below states the following in verification of this matter;

(1)     it is **not** being presented for any improper purpose, such as to harass, or to cause unnecessary delay,

(2)     the factual contentions presented have evidentiary support,

(3)     Counsel for Plaintiff has taken steps to validate the position of the Plaintiff prior to filing this action; and

(4)     Counsel asserts that notice to Defendant, as to the TRO is not required as Defendant has already taken action that conflicts with the position of the Plaintiff, that Defendant is knowledgeable through his initiated email communication of the position of the Plaintiff, and the Defendant was aware of the Plaintiff's position before Defendant took the contrary actions and attempts to alienate the subject shares.

(5)     Based on the circumstances, and the position of the Plaintiff and the irreparable harm to the Plaintiff which it would suffer if the Defendant continues in his actions, a bond should not be required as any harm that the

Defendant would suffer through the issuance of this order as requested is deminimis.

## PRAYER FOR RELIEF

**THEREFORE,** based on the foregoing, Plaintiff requests that this court grant the relief as requested, a Preliminary Restraining Order or in the alternative a Temporary Restraining Order, and an Order canceling/returning the subject shares to the possession and control of the Plaintiff, and any other relief that this court finds necessary and appropriate in the interest of justice.

Respectfully Submitted, and verified by,

Dated: 08/16/2021

/s/ Warren R. Markowitz, Esq.
Warren R. Markowitz
The Markowitz Law Firm
7260 W. Azure Dr, Suite 140-100
Las Vegas NV 89130
Office: 702-749-5831/5835,
Email:
Warren@MarkowitzLawFirm.com